IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CR-30-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ERNEST WILLIAMS | ) | |

This matter is before the Court on defendant's *pro se* motion for an exemption from

halfway house subsistence fees. [DE 46]. The government has responded and, for the following

reasons, defendant's motion is denied.

BACKGROUND

On March 21, 2013, defendant was indicted for possession of ammunition by a felon, in

violation of 18 U.S.C. § 922(g), as well as a drug trafficking offense. [DE 1]. On October 15,

2013, defendant entered into a plea agreement wherein defendant agreed to plead guilty to the

possession of ammunition by a felon offense while the drug trafficking offense would be

dismissed. [DE 31]. Defendant was sentenced to 54 months' imprisonment followed by three

years' supervised release and a $100 special assessment due immediately. [DE 42]. The Court

also recommended mental health and substance abuse treatment, the standard conditions of

supervision, and special conditions of supervision that defendant not open any new lines of credit

and provide the probation office any requested financial information. *Id.*

On December 13, 2016, defendant wrote a letter to this Court which this Court styled a

*pro se* motion. In that motion, defendant asked this Court to waive the halfway house subsistence

fees. [DE 46]. In that *pro se* motion, defendant states the halfway house subsistence fee should

be waived for him because he was previously homeless, he had no family support, and payment of the subsistence fee will make him homeless again. *Id.*

## DISCUSSION

A half-way house, also known as a residential re-entry center ("RRC"), is authorized by regulations promulgated under the authority of the Second Chance Act of 2007, which provides that the "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). The Act instructs the Bureau of Prisons (BOP) Director to issue regulations to ensure that such centers are habitable and governed in a manner to achieve congressional goals. *Id.*

Under BOP Program Statement 7300.09, Community Corrections Manual, all prisoners who transfer to an RRC as part of their pre-release transition programming are required to participate in the Subsistence Program. *United States v. Goward*, 2009 WL 4945444 *1 (E.D.Mich. 2009). To promote financial responsibility and offset the cost of incarceration, the Bureau requires inmates to make subsistence payments to contractors operating the RRC. *Id.* The contractor agreement is contained in a statement of work (SOW). *Id.* The SOW currently in effect directs contractors to collect 25% of an employed inmate's weekly gross income not to exceed the daily inmate-day rate. Program Statement 7300.09, § 5.13.1. However, the SOW also allows a contractor to request waiver of the subsistence payment obligation "[i]n cases of hardship." *United States v. Goward* at *1. And if a court orders waiver of the subsistence payments, "the CCM [Community Corrections Manager] shall comply with the court's order." *Id.*; Program Statement 7300.09 § 5.13.1. The CCM is instructed to evaluate hardship "on a case-

2

by-case basis . . . consider[ing] debts, assets, employment status and spending history." *United States v. Goward* at *1.

The subsistence payment requirement serves the twin purposes of promoting inmate responsibility and defraying the cost of community reentry programs. *United States v. Goward* at *1. Where extreme financial hardship defeats those purposes, a waiver is a sensible action. *Id.* However, when an inmate is able to pay, the requirement of subsistence should be sustained to further the BOP's pursuit of its corrections mission. *Id.* Unless an inmate makes a convincing showing that a hardship exists, he should be required to pay for his own upkeep in the interest of cultivating a sense of personal responsibility, thereby contributing to the "'adjust[ment] and prepar[ation] for the reentry of that prisoner into the community.'" *Id.*, quoting 18 U.S.C. § 3624(c).

In this case, defendant has failed to make a convincing showing that a financial hardship exists for him. Defendant has not provided any information to the Court as to how much he will be paid and why that will insufficient to support his transition in a way that is different from any other individual residing in a halfway house following incarceration. Although defendant states that he was previously homeless and that paying the subsistence fees will lead to him being homeless again, defendant has not providing any information to support these statements or that would allow the Court to assess the particular hardship defendant may face. Rather, the Court can find no reason that defendant should not, like other offenders, participate in the subsistence program in order to promote his inmate responsibility and defray the cost of the community reentry program.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 46] on is DENIED.

SO ORDERED, this **11** day of April, 2017.

Terrence W. Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE